IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                        OPINION AND ORDER

       Plaintiff,

                        08-cv-372-bbc
                        04-cr-74-jcs-02

    v.

TONY M. LISTER,

       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Tony M. Lister has filed a timely motion for post conviction relief under 28 U.S.C. § 2255, contending that his sentence was imposed in violation of the Constitution. He alleges that his lawyer was ineffective in (1) failing to object to the drug amounts for which he was held accountable; (2) failing to investigate and develop evidence to support a motion to suppress statements defendant made to the police allegedly before he had been advised of his Miranda rights; (3) failing to file a timely motion to exclude tape recordings of drug deals and conversations; giving defendant bad advice that led to his losing his three-point reduction for acceptance of responsibility; and (5) failing to argue the disparity between crack and powder cocaine sentences as a reason for the court to depart in

1

sentencing.

From my review of the file and the briefs on the motion, I conclude that none of defendant's challenges are meritorious (including a sixth ground raised for the first time in defendant's reply brief). Therefore, his motion will be denied. However, because defendant was sentenced for a crime involving cocaine base, he is free to file a motion for a reduction of sentence under 18 U.S.C. § 3582.

## RECORD FACTS

Defendant was charged by the grand jury in May 2004 with the distribution of more than five grams of cocaine base. A superseding indictment returned in August 2004 added a second count of conspiracy to distribute more than 50 grams of crack cocaine from January 2000 to approximately January 7, 2002. That same month, the government filed notice under 21 U.S.C. § 851 of its intention to seek an enhanced penalty based on defendant's prior controlled substance offenses. (One of these offenses was the subject of defendant's 1998 conviction in state court in Beloit, Wisconsin for possession with intent to distribute cocaine—a fact that bears on defendant's challenge to the ineffectiveness of his counsel in challenging defendant's drug quantity in federal court.) Defendant entered a plea of guilty to the first charge of the superseding indictment on October 15, 2004 and the government agreed to dismiss the conspiracy count. He was sentenced on December 16, 2004, to a term

of 405 months.

When defendant was arrested in May 2004 on the charges in this case, he made statements to an agent of the Wisconsin Department of Justice, Division of Criminal Investigation, Benjamin Poller, and to Beloit Police Officer John Farney.  According to Poller's report, defendant admitted that he had first begun selling controlled substances in Beloit about 1995, selling only marijuana for the first two years.  In later years, he distributed sold crack cocaine that he obtained from a number of sources and sold in 8-ball and quarter-ounce quantities.  In about 1999, he began obtaining ounce quantities of powder cocaine each week that Torrance Sims converted to crack cocaine.  Defendant made regular trips to Madison to sell to a distributor there and became a part owner of a Madison clothing store.  He disclosed additional ventures for the sale and distribution of marijuana, cocaine and crack cocaine.

After defendant's arraignment in federal court, where he appeared with appointed counsel, defendant retained Christopher Kelly to represent him.  Kelly filed a number of discovery motions at the outset.  On August 17, 2004, he filed a motion to exclude evidence at trial, specifically any statement supposedly obtained from defendant by agent Poller in May 2004 and any recordings made of telephone calls and conversations.  In support of the motion, Kelly pointed out that the government had not turned over any of this material to him, although it was clearly relevant.  The magistrate judge found that the government had

3

violated its discovery obligations but he denied the motion to exclude the late evidence because the delay would not prevent defendant from preparing for trial. In reaching this conclusion, the magistrate judge took into account the fact that defendant's counsel had already sought and obtained a six-week extension of the trial date to give him additional time to respond to the expansion of the charges against defendant, as well as the fact that counsel had waited a month after receiving the materials before filing the motion to exclude them.

In preparation for defendant's sentencing on December 16, 2004, Kelly filed objections to the presentence report, primarily to the drug amounts, which the probation office had estimated to be 1.84 kilograms of cocaine base. In addition to objecting to the court's reliance on any facts not proved to a jury or admitted by defendant at his plea hearing, Kelly argued that the factual assertions in the presentence report were not sufficiently reliable to warrant consideration at sentencing and that the government's agreement to dismiss the conspiracy charge was evidence that it did not believe it could prove the amounts of drugs charged in that count. Kelly attacked evidence based on statements by Derrick Gosha, pointing out that Gosha's grand jury testimony showed that he had obtained drugs from Torrence Sims, that he had never obtained a hand-to-hand drug delivery from defendant and that inconsistencies in his statements demonstrated his unreliability. He made similar objections to statements by Torrance Sims. He argued that the absence of any tape recording of defendant's alleged statement to law enforcement agents

4

was suspicious, when they had recorded so many other aspects of the case. Finally, he emphasized that defendant had never admitted any conduct occurring after 1998, when he was convicted and sentenced in Beloit for possession with intent to distribute cocaine. Kelly took the position that it would be a violation of double jeopardy to sentence defendant for drug crimes for which he had been convicted previously in state court.

At sentencing, the court denied defendant any reduction for acceptance of responsibility after finding that defendant was not forthright in responding to the court's questions in that regard. The questions were aimed at determining whether defendant agreed with his counsel's position that much of the drug dealing for which defendant was being held responsible had occurred before 1998 and were the subject of his 1998 state court conviction. When the court asked defendant whether he agreed with the challenges that Kelly had made, defendant answered, "Basically I rely on my lawyer for that, Your Honor." When asked, "Then you don't agree with him, is that what you're saying?" defendant said, "Yeah, I basically just rely on him for it." The court asked, point blank, "Are you accepting the challenges as offered by your lawyer?" and defendant responded, "I basically just rely on him to just—." Transcript of sentencing, dkt. #84, at 3. The court found defendant responsible for 3.84 kilograms of cocaine base, adding two kilograms of cocaine base to the amount estimated by the probation office.

Defendant appealed from his sentence, arguing that the court had made three errors

5

in sentencing him. It had refused to give him credit for his acceptance of responsibility; it gave him an unreasonably long sentence; and erred in its drug calculations. The court of appeals affirmed in all respects, finding, among other things, that the drug quantity was adequately supported and that the court had fulfilled its responsibility to determine whether defendant agreed with his counsel's challenge to the drug amounts. The appellate court held that it was defendant's actions and not anything done or omitted by the court that thwarted the court's inquiry into his willingness to accept responsibility for his criminal conduct. United States v. Lister, 432 F.3d 754, 760 (7th Cir. 2005).

OPINION

Defendant's appeal from his sentence does not bar him from pursuing this motion for modification of his sentence because his motion rests on a claim of ineffectiveness of counsel. Although the general rule is that claims not raised on direct appeal may not be raised in a motion for post conviction relief in the absence of a showing of cause and prejudice, this rule does not apply to claims of ineffective assistance. Such a claim may be brought in a post conviction motion even if it could also have been brought on direct appeal. Massaro v. United States, 538 U.S. 500 (2003).

The standard for a claim of ineffectiveness derives from Strickland v. Washington, 466 U.S. 668 (1984), and requires a showing that counsel was objectively deficient *and* that

the deficient representation caused prejudice to the defendant. It is evident from the record facts that defendant cannot make that showing.

Contrary to defendant's allegations, his lawyer did object to the drug amounts for which defendant was held accountable and did not fail to file a timely motion to exclude the tape recordings of the calls and conversations that the government had been late in disclosing. Kelly could have filed the motion earlier than he did, but defendant does not explain how doing so would have changed the outcome of the motion or of his sentencing.

Defendant argues that counsel failed to investigate and develop evidence to support a motion to suppress the statements defendant made to law enforcement officers in May 2004. In order to succeed on this ground, defendant would have to show a factual basis for his allegation that he had not been read his Miranda rights. The judge's file in this case contains what appears to be a copy of defendant's statement, along with a form entitled "Constitutional Rights" that contains the signature of Tony Lister. Defendant has not offered anything other than allegations to suggest that he was not aware of his Miranda rights when he made this statement. This is not enough. Hardamon v. United States, 319 F.3d 943, 951 (7th Cir. 2003) (movant must provide the court "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced"). In the absence of any proof that defendant could have succeeded on a motion to suppress his statements, defendant has not shown that his counsel did not carry our his

7

investigation responsibilities.

As to defendant's claim that his counsel's actions led to the loss of his three-point reduction for acceptance of responsibility, it is clear from the transcript of the sentencing, dkt. #84 at 3, that defendant was unwilling to accept responsibility for the amount of drugs attributed to him in the presentence report. It was not improper for the sentencing court to require defendant to admit to the drug quantity involved in the offense of conviction at the risk of losing his reduction for acceptance of responsibility. United States v. Bothun, 424 F.3d 582, 586 (7th Cir. 2005); United States v. Purchess, 107 F.3d 1261, 1264 n.1 (7th Cir. 1997). As the court of appeals explained when it upheld the judge's decision to deny any reduction for acceptance, "[W]here a defendant 'falsely denies, or frivolously contests, relevant conduct that the court determines to be true,' he may be found to have acted in a 'manner inconsistent with acceptance of responsibility' . . . defendants may not circumvent this barrier by using their attorney to make the challenges." Lister, 432 F.3d at 760 (quoting Bothun, 424 F.3d at 586).

Defendant tries to blame his counsel for his own refusal to answer the court's questions in a straightforward way, saying that had it not been for counsel's instructions, he would have told the court that the government should not be allowed to use the time frame against him that they did because this time included drug activity for which he had been sentenced previously in state court. If defendant had proceeded in this manner, the outcome

of his sentencing would have been the same:  he would have been denied the three-level reduction for acceptance of responsibility.

The fact is that defendant had an opportunity to admit to his drug dealing and chose not to take advantage of the opportunity.  He was trying to have things both ways:  he wanted to reduce the amount of drugs for which he would be held responsible and he wanted to preserve his three-level reduction for acceptance of responsibility.  Unfortunately for him, this course of action failed.  He still wants things both ways.  He has challenged both his lawyer's supposed failure to object to the drug quantities attributed to him and his lawyer's alleged ineptitude in failing to warn him that any challenge to those drug quantities might deprive him of a three-level reduction in his offense level.

Defendant's attempt to blame his counsel for the court's denial of a reduction for acceptance of responsibility fails on still another level.  Defendant has never produced any proof that his counsel told him not to admit anything or that counsel failed to warn him of the consequences of challenging the drug quantities.  He has made the allegation that his counsel told him this but he has not supported his allegation with an affidavit identifying when he was told this, where it occurred and who was present.  He needs such evidence if he wants to argue that he would have taken a different action had it not been for his counsel's advice.  Paters v. United States, 159 F.3d 1043, 1047 (7th Cir. 1998) (Seventh Circuit requires *objective evidence* if movant is alleging that but for counsel's faulty advice, he

9

would have accepted the proposed plea).

For his fifth ground of ineffectiveness, defendant lists his counsel's failure to argue the disparity in crack and powder cocaine sentences. If counsel had been more prescient than he was (he did argue and win United States v. Booker, 543 U.S. 220 (2005)), he would have known that three years after defendant's sentencing, the United States Supreme Court would decide that sentencing courts could take into consideration the powder-crack disparity and he would have argued the point. He was not that far-sighted. That does not make him ineffective. Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."); Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law, or to press meritless arguments before the court.").

In his reply brief in support of his § 2255 motion, defendant drops any reference to his counsel's alleged ineffectiveness in not warning him that a challenge to the drug quantities might have consequences. Instead, he raises an entirely different argument: that his plea was not a knowing one. He alleges that Kelly persuaded him to accept the plea agreement by misleading him about the drug quantity for which he would be held responsible. Again, defendant offers no proof that his counsel made the statements

10

defendant attributes to him. He does not say where and when the conversation occurred and who else was present. This is fatal to his claim. Paters, 159 F.3d 1047.

I note another potential problem with his claim. If Kelly's comments were only predictions, defendant has no ground for a challenge. "'Waiving trial entails the inherent risk that the good faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.'" United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir. 1990) (quoting McMann v. Richardson, 397 U.S. 759, 770 (1970)).

Even if defendant had proof that Kelly promised him a certain sentence and had submitted that proof, he is bound by the statements he made to the court under oath at his plea hearing. At that time, he told the court that he was fully satisfied with "the counsel, representation and advice" to him by Kelly, that he signed the plea agreement voluntarily, knowing what was in it, that the plea agreement represented the entire understanding that he had with the government, that no one had made him any other promise or assurance of any kind in an effort to persuade him to plead guilty and that there were no terms "out there" that were not in the agreement. Transcript, plea hrg., dkt. #83, at 5-6. He told the court he understood that the terms of plea agreement were merely recommendations to the court which the court could reject without allowing him to withdraw his plea and that the court could impose a sentence more severe than what he might be expecting. Id. at 6. The

11

Court of Appeals for the Seventh Circuit has held that statements such as these rebut subsequent claims of prior promises.  United States v. Martinez, 169 F.3d 1049, 1054 (7th Cir. 1999) ("Because of the great weight we place on these in-court statements, we credit them over [a defendant's] later claims [that he would not have pleaded guilty.]"). ("'[The record of a Rule 11 proceeding is entitled to a "presumption of verity" . . . and the answers therein are binding.'") (quoting United States v. Winston, 34 F.3d 574, 578 (7th Cir. 1994)).

In summary, I conclude that defendant has shown no reason why he is entitled to post conviction relief.  His motion will be denied.

ORDER

IT IS ORDERED that defendant Tony M. Lister's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED.

Entered this 20th day of August, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge